No. 241 April 1, 2026 149

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOGAN WILLIAM RORIE,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR06204, 24CR34957; A185458 (Control), A185459

Amanda R. Benjamin, Judge.

Submitted February 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Shawn Wiley, Deputy Public Defender, Oregon
Public Defense Commission, filed the brief for appellant.

Lauren P. Robertson, Assistant Attorney General, waived
appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals judgments of conviction entered after defendant pleaded guilty in Case No. 22CR06204 (the 2022 case) to two counts of third-degree sexual abuse and two counts of furnishing alcohol to a minor, and in Case No. 24CR34957 (the 2024 case) to one count of second-degree sexual abuse. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Defendant was charged in the 2022 case with four sexual offenses involving minor girls and with providing marijuana and alcohol to them. Defendant pleaded guilty to the four charges mentioned above, the remaining charges were dismissed on the state's motion, and defendant began a stipulated downward departure sentence of probation as part of a District Attorney diversion agreement. In 2024 defendant was charged with new, more serious crimes, including first-degree sodomy, second-degree sexual abuse, and first-degree rape. As part of a plea agreement, he pleaded guilty to one count of second-degree sexual abuse and the remaining charges were dismissed. The District Attorney's office terminated diversion in the 2022 case and defendant was sentenced to 60 months' probation in the 2024 case. After diversion was terminated, defendant was sentenced to probation with a 60-day jail sanction in the 2022 case.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see* ORS 138.105, we have identified no arguably meritorious issues. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]").

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.